## John Oliver v. The State.

### No. 691. Decided October 12, 1910.

**1.—Assault to Murder—Bill of Exceptions—Filing.**

Where, upon appeal from a conviction of assault to murder, it appeared from the record that the bills of exception were not filed in time, the same could not be considered.

**2.—Same—Charge of Court—Deadly Weapon—Aggravated Assault.**

Where upon trial of assault with intent to murder, the evidence showed that the pistol in question alleged to have been used as a firearm could not be discharged and was therefore not a deadly weapon, but also showed that the defendant was an adult male and the alleged injured party a female, the court did not err in not charging the jury to acquit but should nevertheless have submitted the law of aggravated assault, under subdivision 3, of article 592, Penal Code, this matter having been called to the court's attention.

Appeal from the District Court of Jefferson. Tried below before the Honorable W. H. Pope.

Appeal from conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant on the 27th day of September of last year, in the District Court of Jefferson County, suffered a conviction for the offense of assault with intent to murder in which his punishment was assessed at confinement in the penitentiary for a period of two years.

The term of court at which he was convicted convened on the 20th day of September, 1909, and adjourned on the 4th day of December of the same year. There are three bills of exception contained in the record. All these were filed on May 10, 1910, and in view of the fact that they were so filed cannot be considered.

The only question raised on the appeal which we can review is in respect to the failure of the court to submit a phase of appellant's defense raised in the testimony. In order to make our views on this matter understood it will be necessary to make a brief statement of the facts. It seems appellant had some years before the offense alleged been married and his wife was named Bessie. It further appears that

a year or two before the offense charged they had been divorced and had not been living together. It is also shown in the testimony that for some time before the offense charged they became reconciled and seemed quite fond of each other, and were to have been married on October the 2nd after the assault in July of 1909. We also gather from the record that subsequent to the divorce that a man named Dodson had been paying attention to Mrs. Oliver, but that these attentions, as the witnesses say, were open and above-board and wholly honorable to both parties, but that in view of their impending marriage Mrs. Oliver had promised to discourage Dodson's attentions and to refuse to receive him as a suitor. On the day in question it further appears that Oliver had been discharged from the position in which he was engaged and had been informed that Dodson was to take his place. In this situation of affairs it appears that about six o'clock appellant walked into a restaurant in Beaumont where Mrs. Oliver and a Mrs. Lowe were seated at a table with two young men who had come in after they had sat down at the table, and immediately began cursing his wife with the statement that he intended to kill her and when within about eight or ten feet of her snapped the pistol at her more than once. These facts were established practically beyond doubt. Appellant in his own behalf testified that he intended to go to Houston on the evening in question on a train which left Beaumont about 6:30 o'clock in the afternoon. That before leaving the house where he was staying he got the pistol that he used and put about two or three folds of paper between the hammer and the cartridges and went to the depot to take the train for Houston; that he put the paper between the hammer and the cartridges to make it "safety" or in other words to keep it from shooting; that his idea was in putting this paper where he did was to make it so the pistol would not shoot and be safe to carry. He also says in another place that he put the paper in it to make it safe in the hands of the children at his boarding house if the children there should get hold of it. The pistol in question was adduced and identified by Mr. Calhoun who held the examining trial. He says he examined it carefully at the time of such trial and found a piece of paper of one or two thickness adhering to the pistol, and a thin piece of paper adhering to it where the point of the hammer struck.

In submitting the case to the jury the court, in substance, instructed them that if with a cool and sedate mind appellant made an assault upon Mrs. Oliver with intent to kill her that he would be guilty of assault with intent to murder; that if, however, his mind was excited and the facts would reduce the offense to manslaughter if death had ensued, then they would find him guilty of aggravated assault. There are two complaints of the charge of the court: one is that if the weapon in the condition it was when sought to be used could not be discharged and was not therefore a deadly weapon as a firearm, that he was entitled to be acquitted. This clearly under subdivision 3 of Article

592 of our Penal Code is not the law. This subdivision is as follows: "It follows that one who is, at the time of making an attempt to commit a battery, under such restraint as to deprive him of the power to act, or who is at so great a distance from the person assailed as that he cannot reach his person by the use of the means with which he makes the attempt, is not guilty of an assault. But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault."

It seems clear, therefore, under the proof that appellant was an adult male and that Mrs. Oliver was a female, that under the contention and the facts as claimed by appellant that he would not be entitled to be acquitted if the jury believed he made the assault, but that he would be guilty of an aggravated assault. The error in the charge of the court is in not submitting this issue to the jury; that is to say, that if the weapon was not a deadly weapon in the manner sought to be used and that same was not in such condition as not to be discharged, that the offense would not be assault with intent to murder but if the jury so believed would be an aggravated assault. This matter was called to the attention of the court only in rather a vague and veiled way but is, we think, sufficiently raised in the motion for new trial to require relief at our hands.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*